**Roman HRYTSYK, Petitioner,**

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 04–3004–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Darryl L. Wynn, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney, James P. Laurence, Assistant United States Attorney, Dallas, Texas., for Respondent.

Present: Hon. Reena RAGGI, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED and the decision of the BIA be and it hereby is AFFIRMED.

Hrytsyk petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

In this case, the IJ determined that Hrytsyk had not met his burden of proof that he applied for asylum within one year of his arrival. In the alternative, the IJ found that Hrytsyk was not credible and therefore did not meet his burden of proof for asylum and withholding of removal.

The BIA disregarded the IJ's one-year finding and determined that even assuming that Hrytsyk filed his application by the required deadline, the IJ was correct in finding him unable to meet his burden of proof for asylum and withholding of removal. Because Hrytsyk did not brief the denial of his CAT claim on appeal, he has waived any challenge to the IJ's CAT finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540 (2d Cir.2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that an issue is abandoned when not raised in an appellate brief).

This Court reviews the IJ's factual findings under the substantial evidence standard: "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)). This Court also uses the substantial evidence standard to review credibility determinations, and its review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). With respect to credibility, "[w]here an applicant's testimony is generally consistent, rational, and believable, disparities ... need not be fatal to credibility, especially if the errors are relatively minor and isolated." *Diallo*, 232 F.3d at 288. "Where the IJ's adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812 (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004)).

Here, because the IJ's adverse credibility determination is substantially supported by the record as a whole, it is unnecessary to reach the BIA's supplemental determination with regard to relocation. The adverse credibility finding is based on five enumerated reasons: (1) Hrysyk's claim of persecution was inconsistent with State Department materials on religious freedom in Ukraine; (2) Hrytsyk's failure to adequately explain how the Ukrainian nationalists were able to identify him; (3) Hrytsyk's account of the events of Christmas 1998 was inconsistent with his mother's account of the same events; (4) the language of Hrytsky's testimony and written statement was nearly identical to the language of his mother's letter; and (5) Hyrysk's testimony regarding police response to his complaints is consistent with State Department material, and indicates that the response was appropriate. These reasons are substantially supported by the record as a whole, with the exception of the nationalists' ability to identify Hrytsyk. Accordingly, the IJ's determination withstands this Court's deferential review.

For the foregoing reasons, the petition for review is denied and the BIA's order is affirmed.